United States District Court
District of Maryland
101 West Lombard Street
Baltimore, MD 21201

December 8, 2018

RE:   Order dated December 3, 2018
      Violation Number: 6046638
      Hearing Date: 02/14/2017
      Case Number: 17-PO-1627TMD
      Action No. TDC-17-0126

Your Honor,

The Appellant respectfully object to your Order dated December 3, 2018 granting the Government an additional 7 days to file its answering memorandum in this case and request that the citation be immediately dismissed with prejudice. As it stands the Appellants right to due process has been violated. Additionally, the December 3, 2018 and the October 17, 2018 Orders contain material errors of facts.

1. The October 17, 2018 Order and the December 3, 2018 Order state that on June 16,2017 the Court ordered the Appellant to file a "memorandum stating the points of law, facts and authorities on which the appeal is based" within 14 days, and that the Appellant didn't file her memorandum until July 5, 2017. That is not correct. The Appellant did not file her Appeal late and was told she could include a request to waive the filing fee with her appeal.

    a. The Appellant filed her memorandum stating the points of law, facts and authorities on which the appeal is based at the Baltimore US District Court on February 28, 2017 (timestamped copy enclosed). She had to drive over 50 miles to hand deliver it before the deadline because the Greenbelt Clerk told her she could not file her appeal without a copy of the Hearing transcript. The Greenbelt Clerk wouldn't return the Appellant's calls requesting the cost of the transcript and the process to obtain it. The Appellant finally called the Baltimore Clerks office and was informed that she didn't need it to file. The Appellant also told the Clerk that she felt it was unjust to have to pay the filing fee for an unjust ticket and wanted to instructions to request a waiver of the fee. The Clerk told her to include a request to waive the fee with her February 28, 2017 appeal memorandum, which she did (timestamped copy enclosed).

    b. The Court issued an Order on April 19, 2017 to the Clerk to mail a copy of the Motion for Leave to File In Forma Pauperis forms to the Appellant and for the Appellant to complete and return the forms within 14 days of the Order (copy

attached). The Appellant did not receive the first copy of this Order and did not become aware of it until she received correspondence from Central Violations regarding this citation and after speaking with them she called the Greenbelt Clerks office. On May 6, 2017 the Appellant submitted another waiver request and extension to reply to the Forma Pauperis Order (copy enclosed). She did not state she was indigent. She stated that she felt it was unjust to have to pay anything for an unjust charge against her. The Greenbelt Clerk stated the only waiver form was for the indigent. Therefore, the Appellant submitted the filing fee before the 14 day deadline.

2. The Appellant did not file late, but the October 17, 2018 Order stated that the Government should have file its answering memorandum by August, 2017, which provided the Government almost 6 months to answer from the date of the Appellant's February 2017 Appeal memorandum. Yet 14 months after that August 2017 date the Government still hadn't filed its answering memorandum. The October 2018 Order still granted the Government additional time until October 31, 2018.

    a. The Government did not file its answering memorandum by October 31, 2018. The Court has now issued the December 3, 2018 Order stating that the Government failed to file its answering memorandum by October 31, 2018, but instead of dismissing the citation by default the Government has been granted an additional 7 days to file its answering memorandum. The Appellant submitted her filings by the stated deadlines, but the Government professionals have been allowed approximately 1 year and 6 months to file the Governments answering memorandum?

The Appellant submitted her Appeal along with substantiating pictures. That and her cross examination of the Officer proved her innocence. Now add to this fact, the Government has neglected to file its answering memorandum for almost a year and a half despite receiving Orders to do so by specified deadlines. In the interest of fundamental fairness, justice, and liberty the Appellant requests that her appeal be granted, that her record be expunged and the citation be dismissed with prejudice.

Respectfully submitted,

*[signature]*

Lyniece Fuller

Enclosures